**CV 12-5774**

UNITED STATES DISTRICT COURT                                        CG7285
EASTERN DISTRICT OF NEW YORK

JOHN SIMMONS,

        Plaintiffs,

    -against-

THE CITY OF NEW YORK, DET.
RUPERTO VALENTIN and P.O.s "JOHN
DOE" #1-5 (said names being fictitious, as
the true names are presently unknown),
Individually and in their Official
Capacities.

        Defendants.

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

BRODIE, J.

LEVY, M.J.

Plaintiff, JOHN SIMMONS, by his attorneys, MYERS SINGER & GALIARDO,

LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants

THE CITY OF NEW YORK, DET. RUPERTO VALENTIN and P.O.s "JOHN DOE"

#1-5 (said names being fictitious, as the true names are presently unknown), as Officers

of the New York City Police Department, all acting under color of state law and pursuant

to their authority, in violation of Plaintiffs' rights, as said rights are secured by said

statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.  Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  At all times relevant hereto, Plaintiff was and is a resident of Brooklyn, New York.

7.  At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8.  At all times relevant to this action, defendants DET. RUPERTO VALENTIN and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police

2

Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On November 27, 2011, at approximately 8:00 p.m., Plaintiff JOHN SIMMONS, a 63 year old man, was on the sidewalk talking with friends in or about Sheffield and Sutter Avenues, Brooklyn, New York.

12. As he was talking, Plaintiff JOHN SIMMONS was approached by Defendant Police Officers who, upon information and belief, were from the 75th Precinct. The officers asked Plaintiff what he was doing.

13. Plaintiff replied that was talking to his friends about the Giant football game. Without warning, the police officers began to push plaintiff and the others against the wall and search their persons.

14. Plaintiff asked the police officers why he was being searched, but they did not respond. Upon information and belief, the officers recovered one Advil aspirin and some US currency from plaintiff's pocket.

3

15. Despite recovering no illegal contraband from plaintiff, the police officers placed plaintiff under arrest, handcuffed him and transported him back to the 75th Precinct.

16. At the precinct, plaintiff asked the officers why he was being arrested, but was told to "shut up".

17. Upon information and belief, the police officers then filed false and misleading paperwork implicating plaintiff in the commission of a crime, under Arrest Number K11712489.

18. Thereafter, plaintiff was taken to Central Booking to await arraignment on the unknown criminal charges.

19. On November 28, 2011, at about 1:00 a.m., a Corrections Officer told plaintiff his case was being dismissed. The officers led him a side door and released him without explanation.

20. On December 12, 2011, at about 1:20 pm, plaintiff JOHN SIMMONS was again in the area of Sutter and Sheffield Avenues, Brooklyn, New York, visiting his friends.

21. Once again, the group was approached by police, this time by plain clothed officers from the 73rd Precinct.

22. One Police Officer asked Plaintiff, "what are you doing?" Plaintiff responded that he was playing cards. The police officers then forcibly searched plaintiff without proper cause.

23. Finding nothing but $15, a wallet and house keys, the police officers nevertheless took plaintiff into custody. Plaintiff objected, but was told that he was going to jail.

24. As the Police Officers forcibly handcuffed Plaintiff JOHN SIMMONS, a crowd began to gather at the location and witnessed Plaintiff's arrest.

4

25. Plaintiff was arrested in front of a group of people from the community.

26. Plaintiff was transported to the 73rd Precinct and was charged with Disorderly Conduct, under Summons Number 433563424-9.

27. The Police Officers filed false and misleading reports to support the arrest charges. Plaintiff was given the summons to return to court.

28. On March 9, 2012, Plaintiff was arraigned in Kings County Criminal Court on the charges and pled "not guilty".

29. The plaintiff was released on his own recognizance. The Plaintiff made another court appearance while awaiting the opportunity to contest the charges at trial.

30. In or about April 2012, the Court dismissed all charges against Plaintiff.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

31. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

33. All of the aforementioned acts deprived Plaintiff JOHN SIMMONS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

5

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

37. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

38. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

39. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST UNDER 42 U.S.C 1983

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

6

41. As a result of Defendants' aforementioned conduct, Plaintiff JOHN SIMMONS was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings without any probable cause, privilege or consent.

42. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

43. As a result of his false arrest, Plaintiff JOHN SIMMONS was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

46. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

49. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

50. The criminal proceedings were terminated in favor of Plaintiff when the charges against him were dismissed and sealed.

## SIXTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Defendants issued legal process to place Plaintiff under arrest.

53. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

54. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

55. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 54 with the same force and effect as if fully set forth herein.

56. Defendant Police Officers DET. RUPERTO VALENTIN and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested JOHN SIMMONS despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

59. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

60. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff JOHN SIMMONS.

61. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff JOHN SIMMONS as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff JOHN SIMMONS as alleged herein.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff JOHN SIMMONS.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

65. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

66. All of the foregoing acts by Defendants deprived Plaintiff JOHN SIMMONS of federally protected rights, including, but not limited to, the right:

     a. Not to be deprived of liberty without due process of law;

     b. To be free from seizure and arrest not based upon probable cause;

     c. To be free from unlawful imprisonment;

     d. To be free from unwarranted and malicious criminal prosecution;

     e. To be free from intentional assault and infliction of emotional distress;

     f. Not to have cruel and unusual punishment imposed upon him; and

     g. To receive equal protection under the law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff JOHN SIMMONS demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.


DATED:      New York, New York
            November 21, 2012


                              Respectfully submitted,


                              Christopher D. Galiardo (CG7285)

                              MYERS SINGER & GALIARDO
                              *Attorneys for Plaintiff*
                              299 Broadway, Suite 200
                              New York, New York 10007
                              (212) 986-5900